UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THEODORE STEVENS and ANTHONY VORELA,

Plaintiffs,

v.

VALEQUEZ, et al.

Defendants.

Case No. 3:26-cv-00701-ART-CLB

ORDER

## I. DISCUSSION

Plaintiffs Theodore Stevens and Anthony Vorela are incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"). On September 15, 2026, both Plaintiffs purportedly initiated this civil rights complaint pursuant to 42 U.S.C. § 1983 but neither submitted an application to proceed *in forma pauperis* or paid the full filing fee for a civil action. (*See* ECF Nos. 1, 1-1).

However, on September 17, 2026, Plaintiff Vorela filed a motion to dismiss himself from this case.[1] (ECF No. 3). Vorela explained that he did not initiate this case and instead had "fallen victim to another inmate's machinations" and unbeknownst to him, Stevens had filed a lawsuit in Vorela's name. (*Id.* at 2). Vorela seeks to dismiss because he does not a want a "frivolous strike" against him for this fraudulent filing that he did not approve. (*Id.*)

The Court grants Vorela's motions to voluntarily dismiss himself from this action (ECF Nos. 3, 4).

Upon review of the complaint, it appears that Stevens tried to bring a lawsuit on Vorela's behalf as the "assignee for collection." (*See generally* ECF No. 1-1). Stevens appears to have falsified a document which states that Vorela had

[1] Vorela filed another motion to dismiss for the same reasons on September 18, 2026. (ECF No. 4).

assigned Stevens to collect the money in a lawsuit against NDOC employees. (*Id.* at 5). Additionally, the allegations in the complaint appear to be based on actions taken against Vorela and not Stevens. (*See generally* ECF No. 1-1).

*Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

The Court dismisses this action in its entirety because Stevens cannot bring a lawsuit on Vorela's behalf. Moreover, based on Vorela's motions, Stevens brought this lawsuit without Vorela's permission. The Court warns Stevens against bringing future lawsuits in other plaintiffs' names without their knowledge. If Stevens continues to do this, the Court will issue an appropriate sanction against Stevens. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (holding that federal courts possess "inherent powers" to manage their own affairs and that "authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process'").

## II. CONCLUSION

It is therefore ordered that Plaintiff Vorela's motions to dismiss (ECF Nos. 3, 4) are granted.

It is further ordered that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice.

The Clerk of the Court is directed to close the case.

DATED: September 21, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE